UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| YACINE DIENG, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| AMERICAN INSTITUTES FOR RESEARCH | * |
| IN THE BEHAVIORAL SCIENCES | * |
| Defendant. | * |
| | * |

EMPLOYMENT DISCRIMINATION COMPLAINT

1. Plaintiff Yacine Dieng, a former employee of Defendant American Institutes for Research (AIR), brings this action to address violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*, and violations of the District of Columbia's Human Rights Act, D,C, Code §2-1401 *et seq*, for discriminatory and retaliatory actions by Defendant American Institutes for Research in the Behavioral Sciences resulting in the creation of a hostile work environment and in her termination.  Defendant's actions have caused economic and psychological harm, because of Ms. Dieng's race and/or in retaliation for her having engaged in protected activities.  Plaintiff Yacine Dieng seeks appropriate relief.

Jurisdiction and Venue

2. This Court has jurisdiction over the claims alleged herein pursuant to 42 U.S.C. § 2000e-(5)(f), and 28 U.S.C. §1343.

3. At all times relevant to this complaint, the actions and inactions of Defendant AIR causing harm to Plaintiff occurred within the District of Columbia. Therefore, venue is proper in this Court.

## Parties

4. Plaintiff is an African American female.
5. In February 2013 Plaintiff was hired into its ORS Department as a Senior Database Engineer. Ms. Dieng was thereafter promoted to the position of Lead Database Engineer II.
6. Plaintiff was terminated from her position in February 2018.
7. Defendant American Institutes for Research in the Behavioral Sciences (hereafter "AIR") is a corporation (non-profit) registered in the District of Columbia.
8. AIR's website defines its "overriding goal" as using the best science available to develop and implement ways to "enhance people's lives".
9. AIR employs over 1,800 people and has its headquarters in Washington, D.C.

## Factual Statement

10. Once she began as Senior Database Engineer, Ms. Dieng quickly became the go-to person as an expert at fixing bugs, leading to her promotion as Lead Database Engineer.
11. In September, 2015 it became necessary for Ms. Dieng to seek assistance from Human Resources due to a workplace conflict which was created by her Project Manager's (PM) disrespectful and abusive behavior in front of all of her office co-workers.
12. Ms. Dieng was the only black female in the group and also the only person abusively reprimanded although others had made the exact same comment without receiving any verbal abuse.

13. Since the Staff Manager (SM) could have corrected the situation, but chose to not get involved, Plaintiff complained to Human Resources (hereafter "HR"}.

14. HR wanted Ms. Dieng to handle it alone, but she brought up the clause in AIR's core values policy insuring the company's "engagement in the diversity area to ensure that every employee is respected and feels valued".  Plaintiff explained her belief that her race was a factor in her different treatment.

15. HR then facilitated a meeting was with the Project Manager, HR and Ms. Dieng.  During that meeting, her PM apologized to Ms. Dieng.

16. Last summer, when Ms. Dieng inquired about telecommuting, her Staff Manager claimed she needed approval from senior Management, even though all other members of the team had been telecommuting with no prior approval. She explained that her telecommuting would be confined to one specific day of the week and it would greatly assistant in maintaining her work/non-work balance.

17. The SM knew that Ms. Dieng very frequently worked during non-business hours to service ORS Department's clients and that Defendant AIR asserts it has a very liberal attitude toward telecommuting.  Her Staff Manager gave Plaintiff a verbal approval to telecommute

18. Based on her conversation with her staff manager, Ms. Dieng began telecommuting one a specific day each week.  On each telecommuting day, Ms. Dieng notified her staff manager by email that she was working at home.

19. During the months of telecommuting with Plaintiff's weekly notice to her SM, there was never a word to her of disapproval from her Staff Manager, senior Management or Human Resources.

20. Several months later Plaintiff received an email from her Staff Manager sternly reprimanding Ms. Dieng for telecommuting since their earlier conversation. Ignoring his own verbal approval, the SM claimed that she had not been approved, attaching a form he had not previously sent.

21. The evaluation for the time period of January 1, 2016 to December 31, 2016 rated Ms. Dieng as having Consistently Met Expectations, calling her a "key contributor on the team."

22. The evaluation also claimed that Plaintiff had "pretty consistently" received negative feedback from others regarding errors in her coding.

23. That assertion as to Ms. Dieng's feedback from others as to her performance is totally false and baseless as Plaintiff had received no such feedback from anyone. Nor had Plaintiff previously received any such feedback from the Staff Manager, the author of her evaluation.

24. Ms. Dieng disputed that statement both verbally and in writing but received with no follow up or other discussion with her SM.

25. In response to several unfair and invalid accusations about Plaintiff's work behavior, Ms. Dieng again sought the intervention of HR, again believing race was a factor in the mistreatment she was receiving.

26. After refuting those assertions about her behavior in a meeting with HR and her Staff Manager, he unexpectantly raised performance issues, which were never before mentioned and had no factual basis.

27. On the next business day, February 2, 2018, without prior notice or discussion, Plaintiff was notified that she was terminated effective that day "as a result of performance issues."

Exhaustion of Administrative Remedies

28. Plaintiff asserts that her prior mistreatment, creating a hostile environment in her workplace and causing her termination, were because of her race and in retaliation for her complaints. Such actions taken against her by her employer violated Yacine Dieng's civil rights.

29. Shortly thereafter, Plaintiff filed a timely complaint with the United States Equal Employment Opportunity Commission, as required.

30. On February 22, 2018, the EEOC issued a Notice of Right to File Suit, entitling her to file a *de novo* action in federal district court.  This action followed.

Claims

COUNT I    Hostile Work Environment Created Against Plaintiff Because of Her Race

Paragraphs 1 through 30 are incorporated herein by reference.  The unlawful actions taken against Plaintiff, resulting in the creation of a hostile work environment were committed because of Ms. Dieng's race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT II    Hostile Work Environment Created Against Plaintiff Because of Her Race

Paragraphs 1 through 30 are incorporated herein by reference.  The unlawful actions taken against Plaintiff, resulting in the creation of a hostile work environment were committed because of Ms. Dieng's race in violation of the District of Columbia's Human Rights Act, D.C. Code Secs 2-1401 *et seq.*

COUNT III    Termination Taken Against Plaintiff on the Basis of Race

Paragraphs 1 through 30 are incorporated herein by reference.  The unlawful actions taken against Plaintiff, resulting in her termination were committed because of Ms. Dieng's race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT IV   <u>Termination Action Taken Against Plaintiff on the Basis of Race</u>

Paragraphs 1 through 30 are incorporated herein by reference.  The unlawful actions taken against Plaintiff, resulting in her termination were committed because of Ms. Dieng's race in violation of District of Columbia Human Rights Act, D.C. Code Secs 2-1401 *et seq.*

COUNT V   <u>Termination Action Taken Against Plaintiff on the Basis of Retaliation</u>.

Paragraphs 1 through 23 are incorporated herein by reference.  The unlawful actions taken against Plaintiff, resulting in her termination, which caused her harm, were committed in retaliation for Plaintiff engaging in protected activities in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT VI   <u>Termination Action Taken Against Plaintiff on the Basis of Retaliation</u>

Paragraphs 1 through 28 are incorporated herein by reference.  The unlawful actions taken against Plaintiff, resulting in her termination were committed because of Ms. Dieng's in retaliation for Plaintiff engaging in protected activities in violation of District of Columbia Human Rights Act, D.C. Code Secs 2-1401 *et seq.*

<u>Relief Requested</u>

WHEREFORE, Plaintiff Yacine Dieng respectfully requests that this Court:

1. Issue a declaratory judgment that the acts and practices of Defendant complained of herein have violated the civil rights of Plaintiff Dieng;

2. Order Defendant to award Plaintiff Dieng compensatory damages in an amount of $300,000, or as determined by a jury, for the harm she has suffered as a result of Defendant's unlawful actions in violation of the rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and by the District of Columbia Human Rights Act.

3. Order Defendant to return Plaintiff Dieng to her former job classification at the Lead Database Engineer II level she previously occupied;

4. Order Defendant to pay Plaintiff Dieng for the loss of any and all income, plus interest, denied to her by the harmful treatment in her termination.

5. Order Defendant to pay reasonable attorneys' fees and litigation expenses incurred in this matter; and

6. Order such additional relief as the Court deems proper and just.

## Jury Demand

Plaintiff Yacine Dieng demands a trial by a jury of her peers for all claims contained herein.

Respectfully submitted,

_____/s/_____

Gary T. Brown
GARY T. BROWN & ASSOCIATES
320 Maryland Avenue, N.E.
Washington, D,C,  20002
(202) 393-4900
(202) 558-9307 (fax)
GTBfirm@GaryTBrown.com
Attorney for Plaintiff Yacine Dieng